UNITED STATES DISTRICT COURT

Northern District of California

RICHARD SCHULTZ,

          Plaintiff,

  v.

UNITED STATES OF AMERICA,

          Defendant.
_____/

No. C 12-4955 MEJ

**ORDER RE: MOTION TO DISMISS (DKT. NO. 4)**

Plaintiff Richard Schultz brings this case pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, regarding a final consolidated judgment issued in 1994 in *Richard Schultz v. Judgment Resolution Corp., et al.*, Case Nos. C-87-6038 and C-88-3175. Compl., Dkt. No. 1. Plaintiff seeks an order from this Court that Defendant the United States of America has no right to enforce the Final Consolidated Judgment against him in Ohio district court. *Id.* Pending before the Court is Defendant's Motion to Dismiss, filed November 26, 2012. Dkt. No. 4. Plaintiff has filed an Opposition, to which Defendant has filed a Reply. Dkt. Nos. 10, 14. The Court finds this matter suitable for disposition without oral argument and hereby VACATES the January 3, 2013 hearing.

For the reasons argued in its Motion, the Court hereby GRANTS Defendant's Motion to Dismiss. Specifically, Plaintiff has not established an express waiver of sovereign immunity that allows him to bring suit against the government. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). Plaintiff has the burden of finding and proving an explicit waiver of sovereign immunity. *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007); *see also McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 188-89 (1936). Although Plaintiff argues that the United States waived its sovereign immunity because he may bring a counterclaim against the government, he fails to show how he may commence an entirely separate proceeding in a different district court without establishing an express waiver of sovereign immunity. As the Ninth Circuit has noted, "when the United States files suit it may subject itself to various compulsory and permissive counterclaims for recoupment or set-off," but a separate "claim is not a counterclaim permitted under such an exception." *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 933

n.16 (9th Cir. 2009). Plaintiff's argument that a claim and a counterclaim should be deemed one and the same is without merit.

Furthermore, because Plaintiff may pursue the same arguments he asserts here in the proceeding pending in the Ohio district court, it is not necessary for the Court to reach the merits of Plaintiff's request for declaratory relief. *See Swish Mktg., Inc. v. Fed. Trade Comm'n*, 669 F. Supp. 2d 72 (D.D.C. 2009) (citing *AmSouth Bank v. Dale*, 386 F.3d 763, 787 (6th Cir. 2004) ("Where a pending coercive action, filed by the natural plaintiff, would encompass all the issues in the declaratory judgment action, the policy reasons underlying the creation of the extraordinary remedy of declaratory judgment are not present, and the use of that remedy is unjustified.")); *accord Research Automation v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973 (7th Cir. 2010) ("where the parallel cases involve a declaratory judgment action and a mirror-image action seeking coercive relief - we ordinarily give priority to the coercive action, regardless of which case was filed first . . .").

Finally, Plaintiff argues for the first time in his Opposition that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345 because the United States initiated a collection action against him in the Ohio district court. Opp'n at 10:25-28. However, by its plain language, § 1345 provides an independent basis for federal jurisdiction only when a civil action has been commenced by the United States. 28 U.S.C. § 1345; *see also Park Place*, 563 F.3d at 932 (citation and internal quotations omitted) ("We have explicitly rejected the proposition that § 1345 [may] establish jurisdiction for a suit *against* the United States, by drawing its essence from a separate action previously commenced *by* the United States."). Plaintiff's argument therefore fails as a matter of law.

Accordingly, the Court hereby GRANTS Defendant's Motion and DISMISSES Plaintiff's case. If Plaintiff chooses to pursue this matter, he may assert defenses in the action pending against him in Ohio district court.

**IT IS SO ORDERED.**

Dated: December 18, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

2